In re William Betz, Jr., Voters League

*Joseph Sharfsin* for applicants.

BROWN, JR., J., July 9, 1934.—Exceptions filed to the master's report recommending that the application for the charter be refused were argued before the court in banc.

The original application was filed on June 21, 1933, under the provisions of the Corporation Act of 1874, but before it was presented to the court the Act of May 5, 1933, P. L. 289, relating to nonprofit corporations, became effective

on July 3, 1933. The Act of 1874 was repealed, and although the rights of existing corporations are protected by the Act of 1933, sec. 3 (d), its provisions are applicable to corporations theretofore "organized and incorporated" under the Act of 1874: sec. 3 (a). It follows that applications pending when the Act of 1933 became effective should be in compliance therewith. The master ruled properly, therefore, in requiring the filing of articles of incorporation in accordance with its provisions.

The court is empowered by section 207 of the Act of 1933 to decree or refuse incorporation. It must consider the application. It may hear evidence or it may refer the application to a master to make report as to "the propriety of granting the application". If the court finds "the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the community", it shall approve the articles. The articles must be found to be in proper form, within the provisions of the act, and the purposes lawful and not injurious to the community. To that end, a complete and thorough inquiry, including the questioning of the incorporators, either by the court or by a master, is contemplated, so that the findings specified by the act may be made. Having examined the original and the amended applications and read the notes of testimony, we are of the opinion that in questioning the witnesses the master did not exceed the limits provided for in the act.

The motion for the appointment of the master was not filed until November 27, 1933, the responsibility for the delay being assumed by counsel for the applicants. Hearings were held by the master on December 27, 1933, and on February 2, 1934, followed by the filing of his report on March 24, 1934, and although proof of advertisement of the intention to apply to the court for the charter required by section 206 should have been presented to the court "on the day specified in the advertisement" (sec. 207), to wit, August 22, 1933, such proof was not presented to the court until April 23, 1934, when the exceptions were argued.

The so-called "amended petition for certificate of incorporation" filed with the master is not in accordance with the requirements of section 203. The proper title of the statement executed by the incorporators to be presented to the court is "articles of incorporation", which, upon being approved by the court and recorded with the court's order, become the charter of the corporation. The articles should be signed by each of the incorporators and acknowledged by at least three of them. Although all the applicants apparently signed the statement, it does not appear who of them acknowledged it, or that, in accordance with section 201, at least three of them are citizens of the United States.

The statement filed by the applicants does not contain "a precise and accurate statement of the purpose or purposes for which it [the corporation] is to be formed," as required by paragraph 3 of section 203. The purpose set forth "is to promote honest elections, clean politics, and good government in the city, State and Nation", but the testimony of the applicants shows clearly that the corporation will endorse candidates for office, run its members for public offices so that they may obtain the salaries incident thereto, engage in poor relief, social welfare and charity work, and in helping the families of deceased members, and will further sociability among its members. All such activities may promote good government, but as section 201 permits the formation of a nonprofit corporation "for any purpose or purposes which are lawful and not injurious to the community" (instead of enumerating the specific purposes for which such corporations may be formed, as did the Act of 1874), the importance

of the articles setting forth clearly and fully the purposes for which it is formed is apparent, especially in view of the provisions of section 4 that the act does not apply to coöperative associations, whether for profit or not for profit; beneficial, benevolent, fraternal, and fraternal benefit societies transacting any type of insurance whatsoever; corporations organized for any purpose or purposes involving pecuniary profit to its members, and corporations which are subject to the supervision of the Department of Banking, the Insurance Department, the Public Service Commission, or the Water and Power Resources Board, as supplemented by those of section 202 which prevent the use of names suitable only for corporations which must be organized under other statutes. This is further indicated in paragraph 4 of section 701, which authorizes amendments "to change, add to, or diminish" or "to set forth different or additional" purposes of the corporation. It is clear, therefore, that the "precise and accurate statement" required by paragraph 3 of section 203 does not mean a general, vague, or equivocal statement, but one which is definite and exact, setting forth with particularity the purposes of the corporation. Thus, when an application states specifically the purposes of the corporation, it would not be necessary to negative purposes of such corporations as may not be formed under this act but must be organized under other statutes. But when, as in the instant case, the purposes are so generally stated as to include those of corporations provided for in other acts, the statement should expressly exclude the latter class of purposes.

The statement filed also fails to set forth "that it is a corporation which does not contemplate pecuniary gain or profit, incidental or otherwise, to its members", as is also required by paragraph 3 of section 203. Although, under paragraph 10 of section 302, a nonprofit corporation has power to acquire and to hold shares of stock, bonds, securities, or evidences of indebtedness of other corporations, such ownership must "not result in pecuniary profit or gain to the members. . . ." Section 3(d), which protects the right of existing corporations, provides specifically that "such corporation shall not hereafter operate in any manner resulting in pecuniary profit or gain to its members". The act clearly forbids pecuniary profit or gain to members of a nonprofit corporation, incidental or otherwise.

The statement filed does not set forth "the amount of the assets, classified as to real and personal property, which the corporation will have to start its corporation functions", as required by paragraph 8 of section 203. True, it does set forth that the yearly income other than that derived from real estate will not exceed $10,000, but a statement of the maximum yearly income is not required. The Act of 1933 places no limitation upon the income which a nonprofit corporation may receive.

The two sets of bylaws offered in evidence refer to the corporation as "the club", and the testimony shows that the corporation is intended to be a continuance of a present unincorporated association known as the "William Betz, Jr., Republican Club", which has been in existence since 1928. Such being the case, section 217 requires that there should be attached to the articles of incorporation, when presented to the court, a copy of the constitution and bylaws of the club and an affidavit of at least three of the incorporators stating that the purpose or purposes set forth in the articles are the same as those of the unincorporated association and that the incorporators constitute a majority of the members of a committee authorized to incorporate such club by the requisite vote required by the organic law of the club for the amendment of such organic law.

Section 210 provides, inter alia, that "if any incorporators shall have regis-

tered a name with the department [Department of State], and the corporation is not formed within six months from the date of such registration, the department shall cancel the registration of such name". As the name "William Betz, Jr., Voters League" was registered with that department on June 9, 1933, presumably it has been canceled.

As the various provisions of the Act of 1933, relating to nonprofit corporations, have not been complied with, the application should be refused. However, as the applicants appear to be desirous of obtaining a charter, and in order to save them the expense of making another deposit of $100, required by Rule of Court 195, we will not dispose of the exceptions for 30 days, to enable the applicants within that time to commence anew by making application to the Department of State for the registration of the corporate name, the filing of the articles of incorporation with the prothonotary as of the present term and number, advertisement of their intention to apply to the court for a charter, and otherwise complying with the provisions of the Act of May 5, 1933, P. L. 289. Failure of the applicants to so proceed will be considered an abandonment of their intention to obtain a charter, and the exceptions will be dismissed.